UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS, EAST ST. LOUIS DIVISION

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY,<br><br>       Plaintiff,<br><br>v.<br><br>CARLA HENDRIX and ED HENDRIX d/b/a EDDIE'S PILOT CAR SERVICE, and J&D TRUCKING, INC.,<br><br>       Defendants. | Case No. 3:18-cv-457 |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff ATAIN SPECIALTY INSURANCE COMPANY ("ATAIN"), in support of its Complaint for Declaratory Judgment against Defendants CARLA HENDRIX and ED HENDRIX d/b/a EDDIE'S PILOT CAR SERVICE (collectively "EDDIE'S") and J&D TRUCKING, INC. ("J&D"), alleges as follows:

### INTRODUCTION

1. This is an insurance coverage action brought by ATAIN seeking a declaration that no coverage is afforded to EDDIE'S under a certain insurance policy issued by ATAIN to EDDIE'S with respect to a pending lawsuit brought against EDDIE'S by J&D.

2. On or about December 28, 2017, J&D filed a lawsuit against EDDIE'S and others in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, pending under Case No. 2017L 001757 (the "Underlying Lawsuit"). A true and correct copy of the Complaint filed in the Underlying Lawsuit (the "Underlying Complaint") is attached hereto and incorporated by reference as **Exhibit 1**.

3. ATAIN issued to EDDIE'S a policy providing Commercial General Liability ("CGL") coverage bearing Policy Number CIP150417 for the Policy Period of October 3, 2012 to October 3, 2013 (the "Policy"). A true and correct certified copy of the Policy is attached hereto and incorporated herein by reference as **Exhibit 2**.

4. EDDIE'S has sought insurance coverage under the Policy for the Underlying Lawsuit for both costs of defense and indemnification, and ATAIN denies that any insurance coverage is afforded under the Policy for the Underlying Lawsuit.

5. Therefore, a controversy exists between the parties to this action regarding insurance coverage for the Underlying Lawsuit under the Policy, and an entry of a declaratory judgment is required to resolve the controversy.

## PARTIES

6. Defendant CARLA HENDRIX is a citizen of Missouri.

7. Defendant ED HENDRIX is a citizen of Missouri.

8. Defendants CARLA HENDRIX and EDDIE HENDRIX also do business as EDDIE'S PILOT CAR SERVICE, which is an unincorporated association. Therefore, EDDIE'S PILOT CAR SERVICE is a citizen of Missouri where CARLA HENDRIX and ED HENDRIX are both citizens.

9. Defendant J&D is a Colorado corporation with its principal place of business in Colorado. J&D is joined herein solely based on its status as plaintiff in the Underlying Lawsuit so as to be bound by the judgment to be rendered in this action. ATAIN is willing to dismiss J&D from this action so long as it stipulates and agrees to be bound by the judgment entered herein.

10. Plaintiff ATAIN is a Michigan corporation with its principal place of business in Farmington Hills, Michigan.

## JURISDICTION AND VENUE

11. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 respecting diversity jurisdiction insofar as it involves citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

12. Venue is appropriate under 28 U.S.C. § 1391 because the Underlying Lawsuit and incident for which coverage is sought are both located in this District.

## UNDERLYING LAWSUIT

13. In the Underlying Complaint, J&D brings Count II against Eddie's claiming damage to a semi-tractor owned by J&D that was carrying an over-size load of cargo when it struck the underside of a bridge on December 29, 2012, while following Eddie's as the lead pilot car guiding the over-size load of cargo from Madison County, Illinois to Baytown, Texas.

14. In the Underlying Complaint at Count II, J&D alleges that on December 29, 2012, EDDIE'S accompanied J&D to a cargo yard in Madison County, Illinois, "to measure the load and to begin transporting it." (Ex. 1, Count II at ¶ 7).

15. In the Underlying Complaint at Count II, J&D alleges that EDDIE'S was "the lead escort for the over-size load," and "attached a pole to their vehicle and drove in front of the semi-tractor owned by" J&D, which was carrying the cargo. (Ex. 1, Count II at ¶¶ 8-9).

16. In the Underlying Complaint at Count II, J&D alleges that EDDIE'S set the pole "at a particular height to ensure that any underpass or signs allowed sufficient clearance for the load to pass beneath them." (Ex. 1, Count II at ¶ 10).

17. In the Underlying Complaint at Count II, J&D alleges that when EDDIE'S, as lead vehicle, "drove under the underside of the Herrin Road Bridge over I-64, the pole on the escort vehicle struck the underside of the bridge." (Ex. 1, Count II at ¶ 11).

18. In the Underlying Complaint at Count II, J&D alleges that EDDIE'S "advised the Plaintiff [J&D] to move to one side and informed them that the load would clear the bridge," but that when the truck went under the bridge it struck the bridge and was damaged. (Ex. 1 at ¶¶ 12-13).

19. In the Underlying Complaint at Count II, J&D alleges that EDDIE'S breached its duty of care to J&D by committing the following acts:

a) Advised J&D to proceed under the bridge after the pole on the escort vehicle struck the bridge;

b) Failed to correctly measure the load, to ensure that it had proper clearance under the Herrin Road bridge and other overpasses;

c) Failed to ensure that the pilot car's pole was properly installed to ensure that the load had proper clearance under the Herrin Road bridge;

d) Failed to perform a route survey to ensure that the load had proper clearance under the Herrin Road bridge;

e) Failed to add an additional 3 inches to the total height of the load as required by Illinois regulation to ensure that the load had proper clearance under the Herrin Road bridge and other overpasses; and

f) Failed to obey regulations regarding permitting of loads.

(Ex. 1, Count II at ¶ 15).

## COUNT I – PROFESSIONAL SERVICES EXCLUSION EXCLUDES COVERAGE

20. Atain incorporates and restates each and every allegation set forth in paragraphs 1.-19. of this Complaint as if alleged in this paragraph 20.

21. The Policy contains a "COMBINED COVERAGE AND EXCLUSION ENDORSEMENT" bearing No. AF 001 007 08 12 that includes a "Professional Services Exclusion" as follows:

> The following exclusion is added to Part 2. Exclusion of SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY and Part 2. Exclusions of COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY of the COMMERCIAL GENERAL LIABILITY FORM:
>
> This insurance does not apply to:
>
> "Bodily injury," "property damage" or "personal and advertising injury" including payment for loss or defense costs in connection with any claim made against any insured based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving the rendering or failure to render any professional service by, but not limited to, any Accountant, Architect, Engineer, Insurance Agent or Broker, Lawyer, Medical Professional or Real Estate Agent Broker, or any other service that is of a professional nature.

22. EDDIE'S performs pilot car services.

23. EDDIE'S and/or its drivers are certified to conduct pilot car operations in Illinois or other states.

24. EDDIE'S and/or its drivers are licensed to conduct pilot car operations in Illinois or other states.

25. EDDIE'S obtained a permit prior to performing pilot car services to guide J&D's truck carrying the cargo load that is at issue in the Underlying Lawsuit.

26. The Underlying Lawsuit seeks damages that are based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving EDDIE'S

rendering or failure to render any professional service and/or any other service that is of a professional nature.

27. Therefore, the Professional Services Exclusion operates to exclude coverage for the Underlying Lawsuit.

WHEREFORE, ATAIN respectfully requests that this Court enter judgment in its favor and against EDDIE'S and J&D, declaring that the Professional Services Exclusion applies to preclude coverage to EDDIE'S under the Policy for the Underlying Lawsuit, and therefore ATAIN has no duty to defend or indemnify EDDIE'S under the Policy for the Underlying Lawsuit.

## COUNT II – AUTO EXCLUSION EXCLUDES COVERAGE

28. ATAIN incorporates and restates each and every allegation set forth in paragraphs 1.-19. of this Complaint as if alleged in this paragraph 28.

29. The Policy contains an Endorsement No. AF 000 899 07/ 2012 titled "AMENDMENT – AIRCRAFT, AUTO OR WATERCRAFT EXCLUSION" (the "Auto Exclusion"), which provides as follows:

> g. Aircraft, Auto Or Watercraft
>
> This insurance does not apply to:
>
> (1) "Bodily injury" or "property damage" arising out of or in connection with any aircraft or watercraft unless as outlined below;
>
> (2) "Bodily injury" or "property damage" arising out of or in connection with any "auto" unless as outlined below; or
>
> (3) The "loading or unloading" of any aircraft, "auto" or watercraft by any insured.
>
> This exclusion applies to "bodily injury" or "property damage" arising out of any aircraft, "auto" or watercraft, whether or not owned, maintained, used, rented, leased, hired, loaned, borrowed or entrusted to others or provided to another by any insured.

This exclusion applies even if the claims against any insured allege direct or vicarious liability.

This exclusion does not apply to:

(1)   A watercraft while ashore on premises you own, rent or on any premises or in the water while being worked upon;
(2)   A watercraft you do not own that is:
    (a)   Less than 26 feet long; and
    (b)   Not being used to carry persons or property for a charge;
(3)   Parking an "auto" on, or on the ways next to, premises you own or rent, provided the "auto" is not owned by or rented or loaned to you or any insured;
(4)   Liability assumed under any "insured contract" for the ownership, maintenance or use of aircraft or watercraft;
(5)   "Bodily injury" or "property damage" arising out of:
    (a)   The operation of machinery or equipment that is attached to, or part of, a land vehicle that would qualify under the definition of "mobile equipment" if it were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state where it is licensed or principally garaged; or
    (b)   The operation of any of the machinery or equipment listed in Paragraph f.(2) or f.(3) of the definition of "mobile equipment"; or
(6)   "Bodily injury" or "property damage" arising out of maintenance, service or repair of an "auto" by the Named Insured or their employees on the property of the insured or on the premises of others.

30.   "Auto" is defined in the Policy in CGL Form No. CG 00 01 12 07 at Page 12 of 16 as follows:

**2.**   "Auto" means:

a.   A land vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or

b.   Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state where it is licensed or principally garaged.

However, "auto" does not include "mobile equipment."

31.   The Underlying Lawsuit alleges EDDIE's, while utilizing its pilot vehicle, guided J&D's semitrailer into the underpass, causing it to strike the underpass and damaging it.

32. The pilot car used by EDDIE'S is an "auto" under the Policy.

33. J&D's vehicle that struck the underside of the bridge is an "auto" under the Policy.

34. The Underlying Lawsuit therefore seeks injuries for property damage "arising out of or in connection with any 'auto'."

35. Therefore, the Auto Exclusion applies to exclude coverage to EDDIE'S under the Policy for the Underlying Lawsuit.

WHEREFORE, ATAIN respectfully requests that this Court enter judgment in its favor and against EDDIE'S and J&D, declaring that the Auto Exclusion applies to preclude coverage to EDDIE'S under the Policy for the Underlying Lawsuit, and therefore ATAIN has no duty to defend or indemnify EDDIE'S under the Policy for the Underlying Lawsuit.

Dated: February 21, 2018

Respectfully submitted,

**ATAIN SPECIALTY INSURANCE COMPANY**

By: s/ David T. Brown
David T. Brown (ARDC No. 6277185)
KAUFMAN DOLOWICH
& VOLUCK, LLP
135 South LaSalle St., Ste. 2100
Chicago, Illinois 60603
T: (312) 646-6744
F: (312) 896-9403
Email: dbrown@kdvlaw.com
*Counsel for Plaintiff*